No. 16,929.

LANDY AS A BENEFICIAL MEMBER OF WOODMEN OF THE WORLD *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

(261 P. [2d] 488)

Decided August 24, 1953.   Rehearing denied September 28, 1953.

Mr. BENJAMIN C. HILLIARD, JR., Mr. GRAHAM SUSMAN, for plaintiff in error.

Messrs. BANNISTER, WELLER & FRIEDRICH, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the court.

PLAINTIFF in error Landy brought suit against Woodmen of the World and several officers and directors thereof, seeking judgment against them for alleged diversion and use for expenses of funds which had been collected for mortuary or disability purposes, and joined

defendant in error Fidelity and Deposit Company of Maryland as party defendant therein, alleging that it was surety on bonds executed by numerous of said individual defendants against whom judgment was sought. Thereafter defendant in error filed affidavit and motion for summary judgment, which motion was granted by the court and judgment of dismissal entered as to defendant in error.

Plaintiff Landy comes here seeking reversal of said judgment on several grounds. However, claim against this defendant in error was based solely upon the fact that it was surety on bonds of the several individual defendants in which Woodmen of the World was obligee. Therefore any liability of defendant in error would be contingent upon the liability of the defendants on whose bonds it was surety. While the trial court upon trial of said action against the other defendants therein adjudged in favor of plaintiff and entered judgment against said defendants, this court, in Case No. 16944, *Alan Brown v. Hyman D. Landy,* has reversed said judgment and determined that none of said defendants was liable in any sum on the claim therein asserted. Such being the case, there could be no liability on the part of Fidelity and Deposit Company of Maryland on their bonds, and the several issues raised herein as to the action of the court in sustaining motion of said defendant to dismiss have become moot.

The writ of error herein is dismissed.

Mr. Justice Knauss not participating.